# EXHIBIT C

# Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  MASSACHUSETTS

ZOOSK, INC.

V.

DOES 1-25

## SUBPOENA IN A CIVIL CASE

Case Number: [1]  10-CV-04545-LB
USDC Northern District of
California

TO: Swiftmill, Inc.
738 Main Street, PMB 140
Waltham, MA 02451

☐     YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE   Mark J. Snider & Associates<br>43 Riverside Avenue, Suite 234, Medford, MA  02155 | DATE AND TIME |
|---|---|
| | |

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>               Attorney for Plaintiff Zoosk, Inc. | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP      (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

## <u>ATTACHMENT A</u>

<u>DEFINITIONS AND INSTRUCTIONS</u>

1. The terms "SWIFTMILL," "YOU," "YOUR," shall mean Swiftmill, Inc., 738 Main Street, PMB 140, Waltham, Massachusetts 02451, and/or any of its officers, members, managers, partners, employees, agents, representatives, advisors, contractors, consultants, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf or under its control.

2. The term "IP ADDRESS" shall mean an Internet Protocol address that is assigned to devices participating in a computer network that uses the Internet Protocol for communicating between computer nodes. Specifically, as used in this Attachment/Request for Production of Business Records, "IP address" shall mean the IP address on record at Swiftmill used to identify, locate, assigned to, or otherwise related to a particular customer, subscriber, client or user at a particular point in time.

3. The term "PERSONALLY IDENTIFYING INFORMATION" shall mean records or other information pertaining to a Swiftmill customer, subscriber, client or user of the Swiftmill Internet service of services, <u>not including</u> the contents of communications stored by Swiftmill, if any, on behalf of that customer, subscriber, client or user. The meaning of this term shall be read by Swiftmill to comport with Section 2702(c) of the Stored Communications Act, 18 U.S.C. Section 2701, *et seq*., which provides that an internet service provider "may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications…)."

4. The term "CONTACT INFORMATION" shall mean any and all information in Swiftmill's possession, excluding stored communications or other communicative subscriber content, from which a reasonable person could be expected to contact or communicate with a particular Swiftmill customer, subscriber, client or user, including, but not limited to, name, e-mail address, telephone number, IP ADDRESS, credit card information, and/or physical address.

5. The term "DOCUMENTS" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded,

digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries, slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

6. "ALL DOCUMENTS" or "ANY AND ALL DOCUMENTS" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

7. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

1    8.    The spelling of a word in a particular combination of upper and/or lower case

2    letters shall be interpreted to include that word in any other combination of upper and/or lower

3    case letters.

4    9.    The use of the singular form of any word includes the plural and vice versa.

5    10.    The requested documents include all attachments to a requested document, all

6    envelopes, explanatory notes or memoranda, and any other material that accompanied the

7    document(s).  If the specific document elicited a response, that response is also to be produced.  If

8    the document is itself a response, the document to which it responded is also to be produced.

9    11.    If you object to the production of any document on the grounds that it is protected

10   from disclosure by the attorney-client privilege, attorney work product doctrine, or any other

11   privilege or doctrine, you are requested to identify each document for which the privilege is

12   claimed and give the following information:

13        a.    the name of the person who wrote, sent, or initiated each copy of the

14             document;

15        b.    the name of the recipient, addressee, or person to whom any copy of the

16             document was sent;

17        c.    the date of each copy of the document, if any, or an estimate of its date;

18        d.    a statement of the basis for the claim of privilege; and

19        e.    a description of the document sufficient for the Court to rule on the

20             applicability and appropriateness of the claimed privilege.

21   12.    If a requested document is unavailable because it has been destroyed, identify that

22   document and state further the identity of the person who ordered them destroyed and the reason

23   for their destruction.

24

25

26

27

28

## DOCUMENT REQUESTS

1.      ANY AND ALL PERSONALLY IDENTIFYING INFORMATION, including, but not limited to, CONTACT INFORMATION in YOUR possession or control for the customers, subscribers, clients or users of the IP ADDRESS 64.88.250.140 from October 9, 2009 to present date.

2.      ANY AND ALL PERSONALLY IDENTIFYING INFORMATION, including, but not limited to, CONTACT INFORMATION in YOUR possession or control for the customers, subscribers, clients, or users of the IP ADDRESS 64.88.250.140 on May 22, 2010.

3.      ANY AND ALL CONTACT INFORMATION of or for ANY customer, subscriber, client or user of or for YOUR service or services using the e-mail address carsondyle1@gmail.com.

4.      ANY AND ALL CONTACT INFORMATION of or for ANY customer, subscriber, client or user of or for YOUR service or services using the e-mail address vandamm59@gmail.com.

Dated: October 18, 2010                    Orrick, Herrington & Sutcliffe LLP


_____

THOMAS H. ZELLERBACH
JULIO C. AVALOS
Attorneys for Plaintiff
ZOOSK, INC.