UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ZOOSK INC, | No. C 10-04545 LB |
| Plaintiff, <br> v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR EARLY DISCOVERY AND ORDERING DISCOVERY** |
| DOE 1, aka "Carson Dyle," an individual, and DOES 2-25, individuals, | [ECF No. 9] |
| Defendants. / | |

**I. INTRODUCTION**

On October 7, 2010, Plaintiff Zoosk, Inc. filed a Complaint alleging libel *per se*, trade libel, and intentional interference with prospective economic advantage against 25 Doe defendants, alleging in part that they mounted a defamatory campaign against Zoosk. Complaint, ECF No. 1. Zoosk previously asked for, and the court granted, leave to take limited early discovery from third-party internet service providers ("ISPs") to discover the identity of the Doe defendants. *See* ECF Nos. 6-8. Two of the ISPs (Comcast Corporation and Time Warner Cable) responded to Zoosk's subpoenas, saying that they had identifying information and were willing to produce it with a court order. ECF No. 9 at 2. Comcast provided a draft order, and Zoosk asks the Court to issue it. *Id.*

The court finds good cause, grants Zoosk's motion for early discovery, and orders Comcast and Time Warner to produce identifying information for the IP addresses at issue in a manner consistent with this order.

ORDER (C 10-04545 LB)

## II.  FACTS

According to Zoosk's complaint, an individual created a profile on Zoosk's online social dating network under the name "Nita Nielsen," posted nude pictures of herself, and advertised her website, where she described herself as an adult entertainer, professional consort, and au fait fellatrix. Complaint, ECF No. 1 at 1, 4-5, ¶¶ 1, 13, 18-19.  Zoosk determined that the account violated its term's of use policy and permanently blocked the account.  *Id.* at 4-5, ¶¶ 20-21.  A user or users then created a Twitter account under the name "Squirrel Juice" and began posting allegedly defamatory statements about Plaintiff.  *Id.* at 5-6, ¶¶ 22-28.  When one of Zoosk's employees contacted "Squirrel Juice" via Twitter and asked the basis for the comments, an individual responded using the e-mail address carsondyle1@gmail.com and stated that he would continue to discourage people from using Zoosk's service.  *Id.* at 6, ¶¶ 29-31.  The individual also posted Zoosk's employee's e-mail address on Twitter.  *Id.* at 7, ¶ 32.  On October 9, 2009, Zoosk sent a cease and desist letter to carsondyle1@gmail.com.  *Id.* at 7, ¶ 33.  According to Zoosk, the defendants have continued to make defamatory statements.  *Id.*

Based on publicly-available information and information from Twitter, Inc., Zoosk determined that eight distinct IP addresses accessed the Squirrel Juice Twitter account.  Declaration of Julio Avalos, ECF No. 7 at 3, ¶ 9 (listing the IP addresses and the ISPs).  On October 18, 2010, Zoosk asked the court to authorize limited early discovery in the form of subpoenas to the ISPs for personal identifying information and contact information for the users of the IP addresses.  Motion for Early Discovery, ECF No. 6 at 4-5; Proposed Subpoena, ECF No. 7-1 at 8.  The subpoena identified contact information such as name, email address, telephone number, IP address, credit card information, and/or physical address.  ECF No. 7-1 at 7.  On October 22, 2010, the court authorized the subpoenas.  ECF No. 8.

Five of the addresses are owned by ISP Road Runner HoldCo LLC (a d/b/a for Time Warner), and one is owned by ISP Comcast.  ECF No. 6 at 4; ECF No. 9 at 3.  Citing 47 U.S.C. § 551, both ISPs told Zoosk that they had responsive information to the subpoena and would provide it with a court order.  ECF No. 9 at 2-3.  Comcast provided a draft order to Zoosk.  *Id.* at 2; ECF No. 9-1. Zoosk then asked this court to issue the order.

## II. DISCUSSION

**A. Early Discovery**

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts in this district generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Solarbridge Tech. v. John Doe*, No. C10-03769 HRL, 2010 U.S. Dist. LEXIS 97508, at *3-*6 (N.D. Cal. Aug. 27, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-277 (N.D. Cal. 2002). Other districts in the Ninth Circuit apply the same standard. *See, e.g.*, *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, No C 07-370, 2009 WL 2487971, at *10 (S.D. Cal. Aug. 10, 2009); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identity of defendants is not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Solarbridge,* 2010 U.S. Dist. LEXIS 97508, *3 (*quoting Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Io Group*, 2010 WL 4055667 at * 1; *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

In this case, Zoosk has good cause for early discovery. First, Zoosk identified the possible Doe defendants with sufficient specificity by identifying the eight IP addresses using the Twitter account "Squirrel Juice." Avalos Declaration, ECF No. 7 at 2-3, ¶¶ 5-9. Second, Zoosk identified the

affirmative steps it took to determine the Doe defendants' identities using publicly-available information. *Id.* at 2-3, ¶¶ 6-8. Zoosk also contacted the Doe defendants by Twitter and by email and sent a cease-and-desist letter. Complaint, ECF No. 1 at 5-7, ¶¶ 22-33. Third, Zoosk pleaded its claims with sufficient particularity to withstand a motion to dismiss. Complaint, ECF No. 1. Fourth, the ISPs both said they have identifying subscriber information for the IP addresses that were involved in the allegedly defamatory campaign. Avalos Declaration, ECF No. 7 at 2, ¶ 7.

Because the early discovery will reveal identities of the Doe defendants, good cause exist for early discovery. *See Semitool, Inc.*, 208 F.R.D. at 276.

**2. Order to ISPs**

According to Comcast and Time Warner, they will disclose the information if the court issues an order. ECF No. 10-1 at 4 (citing 47 U.S.C. § 551, the Cable Communications Policy Act). Section 551 provides that a cable operator may disclose personal identifying information of a subscriber pursuant to a court order authorizing the disclosure. 47 U.S.C. § 551(c)(2)(B). Here, because early discovery is authorized under Rule 26(d), the court will issue the order to the ISPs.

### III.  ORDER TO ISPs

Zoosk's motion for early discovery is **HEREBY GRANTED**. Plaintiffs may serve discovery on Comcast Cable Communications, LLC, and Time Warner Cable (d/b/a Road Runner HoldCo LLC) (collectively, "the ISPs") to obtain the identity of Doe defendants previously authorized in this court's order on October 22, 2010. *See* ECF No. 8. The procedure is as follows.

1. Zoosk shall serve subpoenas on the ISPs along with a copy of this Order.

2. The ISPs will have <u>15 days</u> from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order. Zoosk's proposed order contemplates, and the court orders here, that the ISPs may provide notice using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3. The subscribers shall have <u>30 days</u> from the date of service upon them to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without a subscriber contesting the subpoena, the ISPs shall have <u>10 days</u> to

ORDER (C 10-04545 LB)
4

produce the information responsive to the subpoena to Zoosk.

4. Zoosk's proposed order contemplates, and the court orders here, that Zoosk shall pay the ISPs all reasonable costs of: (A) compiling the requested information; (B) providing pre-disclosure notifications to subscribers; and (C) all other reasonable costs and fees incurred responding to discovery. Comcast and Time Warner shall provide Zoosk with the amount of this reasonable payment upon the termination of the targeted subscriber's 30-day notice period.

**IT IS SO ORDERED.**

Dated: December 9, 2010

_____
LAUREL BEELER
United States Magistrate Judge