UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ZOOSK, INC.,<br><br>　　　　　Plaintiff,<br>　　v.<br>DYLE, *et al.*,<br>　　　　　Defendants.<br>_____/ | No. C 10-04545 LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANTS**<br><br>[ECF No. 14] |

## I. INTRODUCTION

On February 4, 2011, Plaintiff Zoosk, Inc. filed a motion to extend time to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m). Motion, ECF No. 14. Because the court finds good cause for Zoosk's failure to serve Defendants within the time limit proscribed by Rule 4(m), the court grants Zoosk's motion. The court finds this matter suitable for decision without oral argument. Civil L.R. 7-1(b).

## II. FACTS

On October 7, 2010, Zoosk filed a complaint alleging libel *per se*, trade libel, and intentional interference with prospective economic advantage against 25 Doe defendants, alleging in part that they mounted a defamatory campaign against it. Complaint, ECF No. 1. Currently, Zoosk must serve Defendants by February 4, 2011. *See* Fed. R. Civ. P. 4(m).

Zoosk moved for leave to take early discovery on December 1, 2010 and the court granted the motion on December 9, 2010. 12/09/10 Order, ECF No. 11. In that order, the court permitted Zoosk

1  to serve discovery requests on Comcast Cable Communications, LLC, and Time Warner Cable
2  (d/b/a Road Runner HoldCo LLC) (collectively, "the ISPs") to obtain subscriber information from
3  targeted IP addresses to determine Defendants' identities. *Id.* at 4. The court granted the ISPs 15
4  days from the date of service upon them to serve the subscribers of the IP addresses with a copy of
5  the subpoenas and a copy of the order. *Id.* The subscribers, in turn, had 30 days within which to file
6  any motions to contest the subpoena. *Id.* If no subscriber had filed such a motion within that 30 day
7  period, the court ordered the ISPs to produce the information responsive to Zoosk's subpoena within
8  10 days. *Id.* at 4-5.

9  Pursuant to the court's order, Zoosk served the ISPs with Rule 45 subpoenas and copies of the
10 court's December 9, 2010 order on December 15, 2010. Declaration of Julio Avalos, ECF No. 15 at
11 2, ¶ 6. According to the timeline established in the order, the ISPs had until December 30, 2010 to
12 serve the target IP address subscribers who then had until January 30, 2011 to file any motions
13 contesting the subpoena. If the IP subscribers do not file a motion to contest the subpoena (which
14 they have not yet done), the ISPs have until February 9, 2011 – five days after Zoosk is required to
15 serve Defendants – to divulge the subscriber information.

16 On January 18, 2011, Zoosk's counsel received a telephone call from a person who identified
17 himself as "Robert McKeever." Avalos Declaration, ECF No. 15 at 2, ¶ 7. McKeever told Zoosk's
18 counsel that he knew the true identity of Defendants but that he did not know how best to proceed.
19 *Id.* He claimed that he was calling on behalf of an individual who received a notice from Comcast
20 that her information was a target of Zoosk's subpoena. *Id.* McKeever claimed that a defendant
21 possibly used his computer along with a computer belonging to an 80-year-old grandmother to post
22 the comments that are the subject of this case. *Id.* at 2-3, ¶ 8. Despite Zoosk's counsel's repeated
23 requests, McKeever did not provide him with an email address or telephone number, but gave him a
24 P.O. Box where Zoosk's counsel could reach him. *Id.* at 3, ¶ 8.

25 Three days later on January 21, 2011, Comcast responded to Zoosk's subpoena representing that
26 Esther Lock of Lake Zurich, Illinois was the subscriber assigned to one of the target IP addresses.
27 *Id.* at ¶ 9. Zoosk's counsel has been unable to contact Lock. *Id.* Time Warner has not yet
28 responded to Zoosk's subpoena. Motion, ECF No. 14 at 4.

C 10-04545
ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANTS
2

## III. DISCUSSION

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint. A court must dismiss a case without prejudice if a plaintiff has not complied with this provision unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m). If good cause appears, the court must extend the time for service for an appropriate period. *Id.* Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may show good cause where it had attempted to serve a defendant but had not yet completed it, it was confused about the requirements for service of process, or it was prevented from serving a defendant because of events outside of its control. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

### A. Zoosk Has Demonstrated Good Cause for an Extension

Here, Zoosk has shown good cause for an extension of time to serve Defendants. First, the deadline established in the court's December 9, 2010 order for the ISPs' production of subscriber information relating to the target IP addresses is five days after Zoosk is required to serve Defendants. Thus, even if Zoosk and the ISPs complied with the court's order and the ISPs (currently only Time Warner has not made its production) produced information by February 9, 2010, Zoosk would be unable to timely serve Defendants.

Second, Zoosk has engaged in good faith efforts to identify and serve Defendants by timely pursuing early discovery, but has been yet been able to do so. Zoosk moved for early discovery, the court granted its motion, it timely served the ISPs with subpoenas and the court's order, and has continued to attempt to contact McKeever and Lock in order to determine Defendants' true identities. Nonetheless, because of events outside of its control, namely, Zoosk's inability to successfully identify Defendants, Zoosk has been unable to timely affect service.

1     Third, there is no indication that Defendants will be prejudiced by the extension. Defendants
2 may have learned of the litigation if at all only recently as a result of the subpoenas. Avalos
3 Declaration, ECF No. 15 at 2, ¶ 7. However, they have continued to evade service, thus resulting in
4 Zoosk's continued inability to affect service.

5     Lastly, dismissal of the complaint would severely prejudice Zoosk. It has actively attempted to
6 determine Defendants' identities so that it may serve Defendants and proceed with the merits of the
7 case. Dismissal would hamper the progress that Zoosk has already made and would reward
8 Defendants for evading service. As such, good cause appears to extend the deadline for service
9 under Rule 4(m).

## IV.  CONCLUSION

11    Good cause appearing, the court **HEREBY GRANTS** Zoosk's motion for an extension of time
12 to serve Defendants pursuant to Rule 4(m). Zoosk shall have until May 2, 2011 to serve Defendants.
13 The Case Management Conference scheduled for March 10, 2011 is **HEREBY RESCHEDULED**
14 to May 19, 2011 at 10:30 a.m.

15    **IT IS SO ORDERED.**

16 Dated: February 11, 2011

_____
LAUREL BEELER
United States Magistrate Judge